**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4967**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAVID MALCOLM JONES,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (7:05-cr-00042-F-ALL)

———————

Submitted:  July 20, 2007              Decided:  August 17, 2007

———————

Before NIEMEYER, MOTZ, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Robert H. Hale, Jr., HALE & HOPKINS ATTORNEYS AT LAW, PC, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Banumathi Rangarajan, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Malcolm Jones was convicted after a trial of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1)(2000). On appeal, Jones claims the district court erred permitting evidence from an attorney naming his prior conviction. He also challenges the admission of the judgment of conviction and claims he offered to stipulate to the prior felony conviction. He further claims the probative value of the evidence was substantially outweighed by its prejudicial effect. Jones filed a motion to file a pro se supplemental brief and a supplemental brief claiming the evidence was insufficient to establish the prior conviction. Finding no error, we affirm.

The district court's decision to admit evidence is reviewed for an abuse of discretion. United States v. Rivera, 412 F.3d 562, 571 (4th Cir. 2005) (addressing admission of evidence over Fed. R. Evid. 403 objection). Because Jones did not make a timely objection to testimony naming his prior conviction or to the admission of the judgment of conviction, we review any error under the plain error standard. Jones must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732-34 (1993). When these conditions are satisfied, we may exercise our discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."

Id. at 736 (internal quotation marks omitted). Jones has the burden of showing plain error. United States v. Strickland, 245 F.3d 368, 379-80 (4th Cir. 2001).

We first note Jones did not offer to stipulate to a prior felony conviction. Thus, the Government was obligated to submit evidence establishing a prior conviction. We further note Jones' substantial rights were not affected by the admission of the challenged evidence. The evidence supporting his conviction was overwhelming. Jones admitted owning several weapons. He further admitted living in the barn in which the weapons were found. Thus, we find no plain error.

We further find the evidence establishing the prior conviction was sufficient. See Glasser v. United States, 315 U.S. 60, 80 (1942) (stating standard). There was testimony from the prosecuting attorney establishing the date of the prior conviction. The Government also entered into evidence a certified copy of the judgment.

Accordingly, we affirm the conviction and sentence. We grant Jones' motion to file a pro se supplemental brief and we deny his motion styled as petition for a writ of habeas corpus seeking to have his counsel removed. We dispense with oral argument because the facts and legal contentions are adequately presented in

the materials before the court and argument would not aid the decisional process.

AFFIRMED